UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
**13-80166-CR-RYSKAMP/HOPKINS**
CASE NO. _____
18 U.S.C. § 1349

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

ROBERT L. WALSH,

    Defendant.
_____/

FILED by KZ D.C.
ELECTRONIC
Aug 20, 2013
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

## INFORMATION

The United States Attorney charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Information:

1. Co-conspirators Thomas Ford and Michael Franzenburg established Resort Properties Investment Group (hereinafter "Resort") and Fidelity First Luxury Concepts (hereinafter "Fidelity"), Florida corporations which were purportedly in the business of providing timeshare sales services to timeshare owners located throughout the United States. Both businesses solicited customers through the use of high-pressure telephone sales. The salesmen, known as "telemarketers," worked in telemarketing rooms, known as "boiler rooms." Both the Resort and Fidelity boiler rooms were

located in West Palm Beach, Florida.

2. Defendant **ROBERT L. WALSH** was a manager at both Resort and Fidelity. He was responsible for recruiting experienced telemarketers to work at the businesses and overseeing their day-to-day activities. **WALSH** received a percentage of all sales completed by the telemarketers he recruited and managed. At times, **WALSH** also worked as a telemarketer at Resort and Fidelity.

## COUNT 1
### (Conspiracy to Commit Mail Fraud: 18 USC §1349)

3. The General Allegations section is realleged and incorporated as though fully set forth herein.

4. From in or about September 2010, and continuing through in or about January 2011, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

**ROBERT L. WALSH,**

did knowingly and willfully combine, conspire, confederate and agree with others known and unknown to the United States Attorney, to commit an offense against the United States, that is, to knowingly, and with intent to defraud, devise, and intend to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that they were false and fraudulent when made, and knowingly causing to be delivered certain mail matter by the United States Postal Service and by private and commercial interstate carrier, according to the directions thereon, for the purpose of executing the scheme, in violation of Title 18, United States Code, Section 1341.

## PURPOSE OF THE CONSPIRACY

5. It was the purpose of the conspiracy for the defendant and his co-conspirators to

unlawfully enrich themselves by collecting over a million dollars in advance fees from timeshare owners throughout the United States, for purported timeshare sales services, which the defendant and his co-conspirators knew would never be provided.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendant and his co-conspirators sought to accomplish the purpose of the conspiracy included, among others, the following:

6. Co-conspirator Franzenburg arranged for an associate to incorporate Resort and to lease office space in West Palm Beach, Florida, where they could operate the business.

7. Defendant **WALSH** agreed to serve as the manager of Resort. In that capacity, he recruited approximately eight experienced telemarketers to work at the Resort office. **WALSH** was responsible for overseeing the telemarketers' work and received a percentage of their sales. At times, **WALSH** also worked as a telemarketer at Resort.

8. The telemarketers, including at times defendant **WALSH**, cold called timeshare owners throughout the United States to induce them to pay up-front fees for purported timeshare sales services. During the sales calls, the telemarketers, including at times defendant **WALSH**, routinely made false and fraudulent representations and promises to the timeshare owners, including falsely claiming that Resort had buyers for their timeshare units and closings scheduled. The telemarketers, including at times defendant **WALSH**, also represented that the advance fees, which ranged from $400 to $4,000, would be used to pay closing and/or appraisal costs associated with the purported sale. In truth, the defendant and his co-conspirators had no buyers for the timeshare units, no closings scheduled, and no costs to pay.

9. The telemarketers, including at times defendant **WALSH**, instructed the timeshare

owners to pay the advance fees by mailing cashier's checks made payable to Resort to a post office box located in West Palm Beach, Florida.

10. Co-conspirators Ford and Franzenburg did not use the advance fees to pay closing or appraisal fees, as represented to the timeshare owners. Instead, they used the fees to pay the boiler room expenses and to benefit themselves and their co-conspirators. Defendant **WALSH** received a percentage of all sales completed by the telemarketers he had recruited, as well as a percentage of his own sales.

11. Although the defendant and the other telemarketers knew that Resort did not have any actual buyers, they nevertheless frequently used fictitious buyer names when speaking to the timeshare owners.

12. In an attempt to conceal the fact that the telemarketers, including at times defendant **WALSH**, had made numerous false and fraudulent representations to the timeshare owners, co-conspirators would send the timeshare owners, via United States Postal Service and by private and commercial interstate carrier, false and fraudulent sales documents, which were purportedly completed and signed by a buyer. In truth, the telemarketers had created the fraudulent sales documents using fictitious names and signatures.

13. After operating for several months, Resort's bank accounts were frozen due to the high volume of deposits and co-conspirators Ford and Franzenburg changed the name of the business to Fidelity. However, the boiler room continued to operate in the exact same manner -- using the same office, the same post office box, many of the same telemarketers, the same fraudulent sales pitches, and the same fraudulent sales documents. At Fidelity, defendant WALSH continued to serve as the manager and, at times, as a telemarketer. Co-conspirators Ford and Franzenburg caused

the opening of several bank accounts for Fidelity.

14. During the course of the scheme, which spanned from in or about September 2010, to in or about January 2011, the defendant and his co-conspirators, through Resort and Fidelity, collected more than a million dollars in advance fees from approximately 485 timeshare owners for timeshare sales services which they knew would never be provided and were, in fact, not provided.

All in violation of Title 18, United States Code, Section 1349.

_____
WIFREDO A. FERRER
UNITED STATES ATTORNEY

_____
ADRIENNE RABINOWITZ
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

vs.

ROBERT L. WALSH,

        **Defendant.**
_____/

CASE NO. 13-80166-CR-RYSKAMP/HOPKINS

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

**Court Division:** (Select One)

___ Miami   ___ Key West
___ FTL     _X_ WPB   ___ FTP

New Defendant(s)         Yes ___  No ___
Number of New Defendants ___
Total number of counts   ___

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No)  No
   List language and/or dialect  ___

4. This case will take  _5_  days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)                    (Check only one)

   I    0 to 5 days       _X_          Petty     ___
   II   6 to 10 days      ___          Minor     ___
   III  11 to 20 days     ___          Misdem.   ___
   IV   21 to 60 days     ___          Felony    _X_
   V    61 days and over  ___

6. Has this case been previously filed in this District Court? (Yes or No)  No
   If yes:
   Judge: _____   Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?  (Yes or No)  No
   If yes:
   Magistrate Case No.  _____
   Related Miscellaneous numbers:  _____
   Defendant(s) in federal custody as of  _____
   Defendant(s) in state custody as of  _____
   Rule 20 from the  _____  District of  _____

   Is this a potential death penalty case? (Yes or No)  No

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?   ___ Yes  _X_ No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?   ___ Yes  _X_ No

                                              _____
                                              ADRIENNE RABINOWITZ
                                              ASSISTANT UNITED STATES ATTORNEY
                                              Florida Bar No./Court No. 833754

*Penalty Sheet(s) attached

REV 4/8/08

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name:** ROBERT L. WALSH

Case No: 13-80166-CR-RYSKAMP/HOPKINS

Count #: 1

Conspiracy to Commit Mail Fraud

18 U.S.C § 1349

* **Max.Penalty:** 20 years' imprisonment, $250,000 fine or twice the gross gain or loss, 3 years' supervised release, and restitution

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 13-80166-CR-Ryskamp/Hopkins

## BOND RECOMMENDATION

DEFENDANT: ROBERT L. WALSH

$50,000.00 Personal Surety Bond, Defendant to continue

(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

Participation in In-House drug treatment program and agree to sign release for probation to monitor his participation in program.

By: _____
AUSA: ADRIENNE RABINOWITZ

Last Known Address: _____

_____

_____

What Facility: _____

_____

Agent(s): S/A Paul Wackes & Waldo Longa
(FBI) (SECRET SERVICE) (DEA) (IRS) (ICE) (**OTHER**)
FBI

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. 13-80166-CR- RUSKAMP/HOPKINS |
| ROBERT L. WALSH | ) | |
| | ) | |
| Defendant | ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

Deric Zacca
_____
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*